DA 09-0239

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 239N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

STEVEN CORPRON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause Nos. DC 06-2058 and
DC 06-2084
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          William F. Hooks, Hooks & Wright, P.C., Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Matthew Johnson, Jefferson County Attorney, Boulder, Montana

Submitted on Briefs:  October 13, 2010

Decided:  November 9, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In 2006, Steven Corpron (Corpron) was charged with three separate counts of sexual intercourse without consent, involving three different partners. On January 11, 2007, the Fifth Judicial District Court, Jefferson County, granted the State's motion to join the three charges, noting Corpron had not responded or objected to the motion and holding joinder was appropriate. The court denied Corpron's subsequent motions to vacate the joinder and to sever the charges. Following a jury trial, Corpron was convicted on two of the counts and acquitted on the third. Corpron then moved for a new trial on the basis that his constitutional right to be present was violated when, outside Corpron's presence, the trial judge asked the deliberating jury whether it wanted to order dinner and informed the jury it would not be required to deliberate into the night, but could reconvene another day. The District Court denied Corpron's motion for a new trial. Corpron timely appeals the court's order joining the three charges and denying his motion to sever, as well as its order denying his motion for a new trial. We affirm.

¶3     On appeal, we consider two issues—whether the District Court erred in (1) joining the three charges in one trial and denying Corpron's subsequent motion to sever the charges; and (2) denying Corpron's motion for a new trial.

¶4     Regarding the first issue, "[o]ur review of a charging document to determine whether the charges were properly joined presents a question of law which we review de novo." *State v. Duncan*, 2008 MT 148, ¶ 23, 343 Mont. 220, 183 P.3d 111 (citing *State v. Southern*, 1999 MT 94, ¶ 17, 294 Mont. 225, 980 P.2d 3). Counts may be joined under § 46-11-404(1), MCA, when the offenses are "of the same or similar character or are based on the same transactions connected together or constituting parts of a common scheme or plan." *See State v. Freshment*, 2002 MT 61, ¶ 22, 309 Mont. 154, 43 P.3d 968. To determine whether counts are of similar character, some of the factors we have previously considered include: whether the charges are brought under the same statute; whether the charges involve similar victims, locations, or modes of operation; the time frame within which the charges occurred; and the geographical area within which the charges occurred. *Id.* (citing *Southern*, ¶ 19).

¶5     We review a district court's denial of a motion to sever for abuse of discretion because the decision to sever charges brought jointly to trial is "entirely within the discretion of the district court." *Duncan,* ¶ 20 (citation omitted). A defendant seeking to sever counts must prove that severance is necessary to prevent the type of prejudice that would prevent a fair trial; it is not enough for a defendant to show only that "some prejudice will result from a joint trial or that a better chance of acquittal would be realized from separate trials." *Freshment,* ¶ 27 (citation omitted). A trial court must

4

balance judicial economy against the possible prejudice to a defendant when determining whether to sever the counts. *Southern*, ¶ 28.

¶6 The District Court record demonstrates that, during the February 21, 2007 pretrial hearing, the court properly applied the above factors in determining whether the counts against Corpron were sufficiently similar to be consolidated in one trial. Having reviewed the District Court record, we conclude that the character of the three counts is sufficiently similar, and, therefore, the District Court did not err in consolidating the counts into one trial under § 46-11-404(1), MCA. Furthermore, the record demonstrates that the District Court duly weighed the possible prejudices to Corpron against the judicial economy resulting from a joint trial and determined Corpron would not be prejudiced by holding a joint trial on all of the counts. Therefore, we also conclude that the District Court did not abuse its discretion by denying Corpron's motion to sever the counts.

¶7 As to the second issue, we hold Corpron was not prejudiced by the brief contact between the trial judge and the jury during deliberation, in regards to arranging dinner for the jury and informing the jury it would not have to deliberate all night, but could reconvene another day. Our review of a district court's determination of whether a criminal defendant's right to be present at the critical stages of his or her trial is plenary. *State v. Mann*, 2006 MT 160, ¶ 10, 332 Mont. 476, 139 P.3d 159. The Confrontation Clause of the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant the right to be present at all critical stages of his or her trial. *State v. Godfrey*, 2009 MT 60, ¶ 24, 349 Mont. 335,

203 P.3d. 834.  The first step in analyzing whether this right has been violated is to consider whether the defendant was excluded from a "critical stage" of the proceeding. *Id.* at ¶ 25 (citing *Mann*, ¶ 15).  "A 'critical stage' is considered to be 'any step of the proceeding where there is potential for substantial prejudice to the defendant.' " *State v. Charlie*, 2010 MT 195, ¶ 40, 357 Mont. 355, ___ P.3d ___ (citations omitted).

¶8     Here, the trial judge, in the presence of the bailiff, briefly addressed the jury during deliberations.  The court inquired whether the jury wanted to order dinner and informed the jury it would not be required to deliberate into the early hours of the morning, but could reconvene another day if it was not close to a verdict.  Corpron argues this was a critical stage of his trial.  We disagree.  Addressing housekeeping matters is not a critical stage of the trial, and Corpron had no role to play in deciding whether the jury would order dinner or reconvene another day.  Moreover, prior to the court speaking to the jury, Corpron's counsel stipulated to this course of action with respect to making inquiries concerning dinner and nighttime deliberations.  We conclude that the District Court did not err in denying Corpron's motion for a new trial because his right to be present was not violated by the court's brief exchange with the jury regarding dinner arrangements and nighttime deliberations.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the District Court did not err in joining the counts or in denying Corpron's motions

6

because the findings of fact are supported by substantial evidence and the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶10    Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE